UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CRIMINAL NO. 18-20698

v.        HONORABLE ARTHUR J. TARNOW

D-1 KEVIN RAYMOND STROUD,

        Defendant.
_____/

## GOVERNMENT'S RESPONSE OPPOSING DEFENDANT'S MOTION TO TERMINATE SUPERVISED RELEASE TERM

On August 20, 2019, this Court sentenced Kevin Stroud to time served and three years of supervised release after he pled guilty to felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and commission of an offense while on pretrial release, 18 U.S.C. § 3147.

Stroud, a convicted felon, possessed a firearm on September 18, 2019 while walking down a sidewalk in Detroit. He was indicted for felon in possession in connection with that incident and released on bond pending trial. While awaiting trial, Stroud again possessed a firearm, this time found amongst his personal property after he was in a vehicle crash on January 22, 2019.

At sentencing, the Court found a guideline range of 27-33 months applied, and then varied downward, imposing a time served sentence for both offenses, and imposing a 3-year term of supervised release.

The Court may terminate a term of supervised release and discharge a defendant after one year, "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice; . . ." 18 U.S.C. § 3585(e)(1).  While Stroud's conduct may generally suggest termination could be warranted, such termination is not in the interest of justice, and would increase the likelihood Stroud recidivates in the near term.

Stroud has now served a little over one-half of his original term of supervised release.  While he has been relatively compliant, maintained employment, and not committed any further crimes, he has tested positive for marijuana on three occasions in August and October 2019, and in July 2020.  Furthermore, the continued need for deterrence from further criminal conduct in the way of potentially enhanced penalties is necessary to protect the public.  While Stroud has been mostly compliant on supervision thus far, his underlying convictions and history of violations of probation and bond show that he is in a precarious position and likely to recidivate.  Terminating his supervised release at this time would be a disservice to Stroud and the community, as the government believes that at least one factor motivating Stroud to comply with the law right now is the threat of additional punishment through revocation.

Stroud also has a history of not succeeding on probation regarding a domestic violence conviction in 2016, and has a prior serious felony drug conviction for Conspiracy to Possess with Intent to Distribute 500 grams or more

of Cocaine out of the Southern District of Florida in 2007. The government is not convinced that given Stroud's history of conduct, including the commission of a new felony offense while on pretrial release in this case, that after a little over 20 months, Stroud has been rehabilitated satisfactorily.

Stroud also has not set forth any reasoning why early termination would improve his chances at continued success or reduce the likelihood that he reoffends. Stroud indicates a desire to relocate from the Detroit area, but termination is not necessary to accomplish that, and the government would freely support transferring his supervised release to another jurisdiction if necessary.

Stroud also mischaracterizes his probation officer's position on early termination as "support." The probation officer has indicated that while he would not oppose early termination, he also would not recommend it. At the very least, continued supervision and the threat of enhanced punishment should he reoffend during the next 16 months, will protect the public from possible further crimes by Stroud during that time.

For the foregoing reasons the government respectfully asks this Court to deny Stroud's motion to terminate his supervised release term.

                              Respectfully submitted,

                              SAIMA S. MOHSIN
                              Acting United States Attorney

                              <u>s/Andrew R. Picek</u>
                              ANDREW R. PICEK
                              Assistant United States Attorney
                              211 W. Fort Street, Suite 2001
                              Detroit, MI  48226
                              (313) 226-9652
                              andrew.picek@usdoj.gov
                              OH 0082121

Dated: May 3, 2021

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the following: James Amberg. I also served the foregoing paper via the United States Postal Service to the *pro se* Defendant, and via e-mail at kevinrstroud83@gmail.com:

Kevin Raymond Stroud
12783 Monica
Detroit, MI 48238

s/Andrew R. Picek
ANDREW R. PICEK
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9652
andrew.picek@usdoj.gov